UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:15-cv-20683-MARTINEZ/NO MAGISTRATE YET ASSIGNED

KELLIE LYNN CASE, individually,
and on behalf of all others similarly situated,

    *Plaintiffs*,
vs.

HOSPITAL CORPORATION OF AMERICA,    Class Action
a West Virginia corporation, and ENVISION
HEALTHCARE CORPORATION, a Delaware
corporation,

    *Defendants*.
_____/

**AGREED MOTION FOR INTRA-DIVISION TRANSFER
AND CONSOLIDATION FOR SCHEDULING PURPOSES ONLY**

    Defendant Envision Healthcare Corporation ("Envision")[1] hereby moves this Court for an order transferring and consolidating this lawsuit with another putative class action currently before Judge Cooke of the Miami Division of this Court, *Gilmore v. Miami Beach Healthcare Group, Ltd.*, *et al*, No. 1:14-cv-24583-MGC (S.D. Fla. filed Dec. 3, 2014), and incorporates the following memorandum of law in support thereof.

**MEMORANDUM OF LAW**

**Factual And Procedural Background**

    On December 3, 2014, the *Gilmore* case was filed. The *Gilmore* amended complaint alleges that a data breach at Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and

---

[1] Defendant Envision has informed Plaintiff's counsel that the Defendants have been improperly named in this lawsuit and Envision reserves all rights in that regard.

Medical Center ("Aventura") exposed sensitive information of the lead plaintiff. *See Gilmore*, No. 1:14-cv-24583-MGC, ECF No. 33 ¶ 34.

On February 18, 2015, the instant lawsuit was filed. The Plaintiff in the instant lawsuit complains of the same data breach as in *Gilmore*. The Plaintiff in the instant case incorrectly alleges that Aventura is owned by Defendant Hospital Corporation of America (ECF No. 1 ¶ 2). Aventura is in fact owned by Miami Beach Healthcare Group, Ltd., which is ultimately a subsidiary of HCA Inc. Plaintiff also incorrectly alleges that Envision does business as "Valesco Ventures", when in fact an entity called HCA-Emcare Holdings, LLC does business under that name.

The *Gilmore* amended complaint seeks to certify a class for all individuals who paid Aventura and whose information was "compromised within the four years prior to the filing" of the *Gilmore* complaint on December 3, 2014. *See Gilmore*, No. 1:14-cv-24583-MGC, ECF No. 33 ¶ 62. Similarly, the instant complaint (Doc. No. 1 ¶ 39) seeks to certify a class for all individuals who paid Aventura and whose information was accessed between September 13, 2012 and June 9, 2014.

## Legal Framework And Relief Sought

Federal Rule 42 provides for consolidation of related actions, stating that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; (3) issue any other orders necessary to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Rule 42 provides for consolidation of the procedural aspects of a case. Fed. R. Civ. P. 42(b) (providing the option for separate trials on different issues). It has been noted that, under Rule 42, a common issue of law or fact need only be present (and not necessarily predominate). *See, e.g., Habitat Educ. Ctr.,*

*Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) ("I need not find that common questions of law or fact predominate, only that they exist and that consolidation will prove beneficial.") (citing 8 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 42.10 (3d. ed. 2008) and 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2382 (3d ed. 2008)).

The Eleventh Circuit has encouraged trial courts to "make good use of Rule 42(a)" so as "to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). This Court has previously used Rule 42 to consolidate putative class actions and noted that such consolidations are common and an effective use of judicial resources. *See, e.g., In re Sunbeam Sec. Litig.*, 1998 U.S. Dist. LEXIS 21490, at *6-8, No. 98-civ-8258 (S.D. Fla. Dec. 4, 1998) ("Consolidation of related complex actions, and securities cases in particular, is commonplace and an effective use of judicial resources.") (internal citations omitted).

To the extent a transfer is necessary to bring these actions "before the Court" within the meaning of Rule 42, this Court's Internal Operating Procedure 2.15.00(c) provides for transfer of a higher-numbered case to a lowered-numbered (*i.e.*, earlier filed) case:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned.

Here, both this lawsuit and the *Gilmore* action complain of the same alleged data breach and seek similar relief. In light of a common factual issue and similarity between the cases, Defendant requests that this lawsuit be transferred to Judge Cooke and consolidated into the

lower-numbered *Gilmore* case, initially for scheduling and discovery purposes only. Specifically, Defendant requests that this case be consolidated with *Gilmore* for all deadlines and timeframes established in the Case Management Order of *Gilmore* and for purposes of discovery. Defendant reserves the right to seek additional consolidation in the future.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order transferring this lawsuit to Judge Cooke and consolidating it into the lower-numbered *Gilmore* action for scheduling and discovery purposes only.[2]

Pursuant to Local Rule 7.1(a)(3), counsel hereby certifies that he has conferred with all parties and non parties (including Plaintiff's counsel in both the instant action and the *Gilmore* action) who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion and plaintiff's counsel (as well as affected non parties) does not object to this Motion.

Dated: March 25, 2015.

                                    Respectfully submitted,

                                    */s/ Edmund T. Henry, III*
                                    Edmund T. Henry, III, Esq.
                                    Florida Bar No. 206008
                                    Shutts & Bowen, LLP
                                    201 S. Biscayne Blvd.
                                    Suite 1500
                                    Miami, FL  33131
                                    Tel. No. 305-379-9126
                                    ehenry@shutts.com

---

[2] In the alternative to both transfer and consolidation, Defendant requests that this Court grant the motion's request for transfer and leave the request for consolidation pending to be decided by Judge Cooke.

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by filing with the Clerk of the Court using the CM/ECF system on March 25, 2015, on all counsel or parties of record on the Service List below.

/s/ Edmund T. Henry, III
Edmund T. Henry, III, Esq.

## SERVICE LIST

Edmund Alonso Normand
Ednormand@whkpa.com
WOOTEN, KIMBROUGH & NORMAND, P.A.
236 S. Lucerne Circle
Orlando, FL 32801
T: (407) 843-7060
F: (407) 843-5836
*Attorneys for Plaintiff*

Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

MIADOCS 10675595 1 37807.0001